Robert Tauler (SBN 241964)
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 590-3927
Email: rtauler@taulersmith.com

Attorneys for Plaintiff
CERTIFIED NUTRACEUTICALS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OLEOFARM SP. Z O.O., a Limited Liability Company in Poland, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  '17CV1088 BEN WVG<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF WRITTEN AGREEMENT**<br><br>**[DEMAND FOR A JURY TRIAL]** |

**COMPLAINT**

Plaintiff Certified Nutraceuticals, Inc. ("Certified Nutraceuticals" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendant Oleofarm Sp. z o.o. ("Oleofarm" or "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1.      This lawsuit arises out of Oleofarm's breach of a written confidentiality agreement, entered into by and between Certified Nutraceuticals, on the one hand, and Oleofarm, on the other hand, on or about June 6, 2014 (the "Confidentiality Agreement").  A copy of the fully executed Confidentiality Agreement is attached hereto as Exhibit A.

2.      As set forth in the Confidentiality Agreement, Oleofarm requested certain information from Certified Nutraceuticals in connection with a possible transaction or relationship between the parties.  During the course of evaluating this possible transaction or relationship, Oleofarm expressly acknowledged that Certified Nutraceuticals may disclose to Oleofarm "confidential, important, and/or proprietary information."  Accordingly, the parties specifically agreed to enter into a confidential relationship with respect to the disclosure of certain information by Certified Nutraceuticals to Oleofarm.

3.      Pursuant to paragraph 3 of the Confidentiality Agreement, Oleofarm expressly agreed to "use the Confidential Information solely for the purpose of evaluating a possible transaction or relationship with [Oleofarm] and shall not in any way use the Confidential Information to the detriment of [Certified Nutraceuticals]."  (Exhibit A, ¶ 3.)

4.      In reliance on Oleofarm's representations in the Confidentiality Agreement, Certified Nutraceuticals disclosed and delivered to Oleofarm certain highly confidential and proprietary information and materials regarding its product, KollaGen II SX™, including but not limited to, United States patent information, composition and analysis

information, flow chart, method of analysis and validation, clinical studies, recommendations for encapsulation, and at least 2,400 kg. of KollaGen II SX™Avian (Chicken) Collagen Type II Powder (collectively, the "Proprietary Information").

5.      In direct violation of the Confidentiality Agreement, Oleofarm used, and continues to use, the Proprietary Information to manufacture its own avian chicken Collagen Type II product instead of purchasing KollaGen II SX™ from Certified Nutraceuticals.  Oleofarm's conduct constitutes a material breach of the Confidentiality Agreement and is clearly detrimental to Certified Nutraceutical's business and commercial interests.

6.      By letter dated January 23, 2017, Certified Nutraceuticals notified Oleofarm of its material breach of the Confidentiality Agreement and demanded that Oleofarm cease and desist from marketing, manufacturing, distributing and/or selling any products containing avian chicken Collagen Type II using the Proprietary Information.  To date, Oleofarm has failed to respond to Certified Nutraceuticals' letter and/or to cease using the Proprietary Information in violation of the Confidentiality Agreement.  Accordingly, this lawsuit follows and Certified Nutraceuticals seeks damages as a result of Oleofarm's material breach of the Confidentiality Agreement.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 (diversity jurisdiction) because there is complete diversity between the parties and because the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

8.      This Court has personal jurisdiction over Oleofarm because Defendant has, directly or through its intermediaries (including other distributors and retailers), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised its products in the United States, the State of California and this district.

Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district.  *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009).  Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

10.    Plaintiff Certified Nutraceuticals is a corporation organized and existing under the laws of the State of California, with its principal place of business listed as: 15045 Adams Drive, #1065, Pauma Valley, California 92061.

11.    Upon information and belief, defendant Oleofarm is a private limited liability company organized under the laws of Poland, with its principal place of business listed as:  ul. Mokronoska 8, 52-407 Wrocław, Polska.

12.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

**A.    Plaintiff Certified Nutraceuticals**

13.    Certified Nutraceuticals is a world renowned and trusted industry leader in the development and manufacturing of nutritional ingredients.  Certified Nutraceuticals' nutritional ingredients are sold worldwide to formulators of nutraceuticals and authentic dietary supplements.

14.     Certified Nutraceuticals specializes in quality collagen nutritional ingredients as well as a broad range of cutting edge nutraceuticals that are recognized globally for cardiovascular, joint, skin, eye health and anti-aging support.

15.     Certified Nutraceuticals pioneered the original invention of three Collagen Type II patents (U.S. Patent #8,344,106 B1) for dietary supplements and was the first to introduce Collagen Types I, II, and III food supplements to the market.

16.     After a quarter of a century of Collagen food supplement research, Certified Nutraceuticals created KollaGen II-XS™ (patented), a new unique avian Collagen Type II.  Collagen Type II is the major component of joint cartilage and clinical studies have demonstrated that KollaGen II-XS™ significantly reduces joint pain and inflammation. KollaGen II-XS™ is the result of years of innovative research by Certified Nutraceuticals' R&D team.

**B.      Defendant Oleofarm**

17.     According to its website, "Oleofarm is a company focused on the research, production and sales of high-quality food supplements, dietary foods for special medical purposes, pharmaceutical raw materials and healthy food, including cold pressed oils."

**C.      The Confidentiality Agreement**

18.     On or about June 6, 2014, Certified Nutraceuticals and Oleofarm entered into the Confidentiality Agreement.  As set forth in the Confidentiality Agreement, Oleofarm requested certain information from Certified Nutraceuticals in connection with a possible transaction or relationship between the parties.  During the course of evaluating this potential transaction or relationship, Oleofarm expressly acknowledged that Certified Nutraceuticals may disclose to Oleofarm "confidential, important, and/or proprietary information."  Accordingly, the parties specifically agreed to enter into a confidential relationship with respect to the disclosure of certain information by Certified Nutraceuticals to Oleofarm.

19.    For purposes of the Confidentiality Agreement, the term "Confidential Information" was defined to "include all information or material that has or could have commercial value or other utility in the business or prospective business of [Certified Nutraceuticals]." "Confidential Information also includes all information of which unauthorized disclosure could be detrimental to the interests of [Certified Nutraceuticals] whether or not such information is identified as Confidential Information by [Certified Nutraceuticals]." (Exhibit A, ¶ 1.)

20.    Pursuant to paragraph 3 of the Confidentiality Agreement, Oleofarm expressly agreed to "use the Confidential Information solely for the purpose of evaluating a possible transaction or relationship with [Oleofarm] and shall not in any way use the Confidential Information to the detriment of [Certified Nutraceuticals]." (Exhibit A, ¶ 3.)

21.    In reliance on Oleofarm's representations and promises in the Confidentiality Agreement, Certified Nutraceuticals disclosed and delivered to Oleofarm certain highly confidential and proprietary information and material regarding its product, KollaGen II SX™, including but not limited to, United States patent information, composition and analysis information, flow chart, method of analysis and validation, clinical studies, recommendations for encapsulation, and at least 2,400 kg. of KollaGen II SX™ Avian (Chicken) Collagen Type II Powder (collectively, the "Proprietary Information").

22.    At the time Certified Nutraceuticals and Oleofarm entered into the Confidentiality Agreement, Oleofarm did not manufacture any avian chicken Collagen Type II products of its own.

23.    Oleofarm eventually decided to stop buying from Certified Nutraceuticals.

24.    Nevertheless, in direct violation of the Confidentiality Agreement, Oleofarm began to use the Proprietary Information to develop and manufacture its own avian chicken Collagen Type II product.

25.     Specifically, Oleofarm began to manufacture, advertise, and offer for sale the product, "Collaflex."  Like KollaGen II-XS™, Collaflex is also an avian chicken Collagen Type II product, which is currently offered for sale by Oleofarm as a dietary supplement.

26.     Oleafarm's conduct constitutes a material breach of the Confidentiality Agreement and is clearly detrimental to Certified Nutraceutical's business and commercial interests, among other things.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Breach of Written Agreement)

27.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

28.      Certified Nutraceuticals and Oleofarm are both parties to the Confidentiality Agreement, which is a valid written contract and fully enforceable according to its terms.

29.     Certified Nutraceuticals has performed all of the conditions and covenants required of it to be performed under the Confidentiality Agreement, except to the extent such performance has been excused or prevented.  Certified Nutraceuticals has satisfied each and every condition precedent under the Confidentiality Agreement for commencing suit against Oleofarm.

30.     Oleofarm has breached its contractual obligations under the Confidentiality Agreement by, among other things:  (1) using the Proprietary Information to the detriment of Certified Nutraceuticals' business and commercial interests; and (2) failing to use the Proprietary Information "solely for the purpose of evaluating a possible transaction or relationship" between the parties, as required by the Confidentiality Agreement.  (Exhibit A, ¶ 3.)

31.     In direct violation of the Confidentiality Agreement, Oleofarm used the Proprietary Information to manufacture its own avian chicken Collagen Type II product.

32.     Specifically, Oleofarm currently manufactures, advertises, and offers for sale the product, "Collaflex." Like Certified Nutraceuticals' product, KollaGen II-XS™, Collaflex is also an avian chicken Collagen Type II product. Collaflex is offered for sale by Oleofarm as a dietary supplement.

33.     Oleofarm's conduct constitutes a material breach of the Confidentiality Agreement.

34.     As a direct and proximate result of Oleofarm's breach of the Confidentiality Agreement, Certified Nutraceuticals has been damaged in an amount according to proof at trial, plus interest, as well as costs and attorneys' fees.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1.     For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing and selling any product containing avian chicken Collagen Type II;

2.     For an award of compensatory damages;

3.     For disgorgement of Defendant's ill-gotten gains;

4.     For the full amount of Plaintiff's costs and attorneys' fees incurred herein;

5.     For pre-judgment and post-judgment interest as allowed by law; and

6.     Any other relief the Court may deem appropriate.


DATED:  May 26, 2017                    TAULER SMITH LLP



                                        By: ___/s/ Robert  Tauler _____
                                            Robert Tauler
                                            CERTIFIED NUTRACEUTICALS, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: May 26, 2017                    TAULER SMITH LLP


By: ___/s/ Robert Tauler _____
        Robert Tauler
        CERTIFIED NUTRACEUTICALS, INC.

**COMPLAINT**